# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRUS DENNIS BRASWELL,<br><br>Defendant. | Case No. 1:18-CR-00034-DAD-BAM<br><br>ORDER RE MOTION FOR RECUSAL<br>(Doc. No. 60) |

Defendant Cyrus Dennis Braswell, proceeding pro se, is charged with three counts of mailing a threatening communication to J.K.S., a federal judge, in violation of 18 U.S.C § 876(c). Currently pending before the Court is Defendant's Affidavit for Recusal filed on July 26, 2018, pursuant to 28 U.S.C. § 144. (Doc. No. 60.) The Court construes the affidavit as a motion for the undersigned magistrate judge to recuse herself from this action under the standards set forth in 28 U.S.C. §§ 144 and 455. No response has been filed by the United States of America or need be filed.

**Legal Standard**

Generally, in the absence of a legitimate reason to recuse, "a judge should participate in cases assigned." United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008) (citation omitted). Motions to recuse a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144, cited by Defendant, provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

1

shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. The statutory mandate of section 144 to "proceed no further" applies only after the court determines the legal sufficiency of the affidavit. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980) (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient). Indeed, the Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978). An affidavit filed pursuant to § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Sibla, 624 F.2d at 868 (citation omitted).

Similarly, § 455 requires a magistrate judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" id. § 455 (b)(1). The substantive test for personal bias or prejudice is identical under §§ 144 and 455. See Sibla, 624 F.2d at 867. Under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).

**Discussion**

Defendant requests that the undersigned recuse herself for three primary reasons: (1) allegedly accusing Defendant of having been convicted of rape during two prior appearances before her in court; (2) denying Defendant a transfer to a facility where he may access a federal law library with legal resource material and other legal tools to assist in preparing his defense; and (3) denying Defendant a transfer after he was physical assaulted by three Fresno County Jail staff members. (Doc. No. 60 at pp. 2-3.)

Defendant also asserts that the undersigned "has clearly demonstrated from the bench her

personal knowledge of the disputed evidentiary facts concerning whether [Defendant] had a prior felony for the crime of rape" and a "personal interest in the outcome of this case by way of communication with Judge James Klansmen Singleton." (Id at p. 5.)

The issues raised by Defendant are not sufficient to disqualify a judge for bias or prejudice, nor are they sufficient to disqualify a judge based on personal knowledge of disputed evidentiary facts. To the extent Defendant's allegations of bias or prejudice arise out of the undersigned's statements in this case or rulings denying his requests for transfer, recusal is not warranted. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The basis for recusal must be "something other than rulings, opinions formed or statements made by the judge during the course of trial." Holland, 519 F.3d at 914; see also United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case."). Defendant's allegations are based solely on judicial rulings or alleged statements made during the course of Defendant's court appearances, and are therefore insufficient to support a recusal motion. Further, neither the Court's rulings nor the undersigned's purported statements reflect any personal knowledge of disputed evidentiary facts underlying the criminal counts at issue, i.e., mailing threatening communications to a federal judge.

Defendant's remaining allegation of bias or prejudice based on purported communications between the undersigned and Judge James Singleton is entirely baseless and founded on nothing more than speculation. "'Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters' do not form the basis of a successful recusal motion." Sivak v. Hardison, 658 F.3d 898, 926 (9th Cir. 2011) (citation omitted); see also United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."). Defendant's allegation regarding communication between the undersigned and Judge Singleton is unfounded, untrue and unsupported by any facts. Instead, Defendant's claim is nothing but pure speculation or suspicion, and it therefore fails to establish a reasonable question as to the

undersigned's impartiality or that any bias or prejudice exists.

Accordingly, Defendant has failed to allege any facts stating a cognizable ground for recusal under § 144 or otherwise. The Court thus finds the affidavit is not legally sufficient. Further, no basis exists for the undersigned to disqualify herself from this action.

**Conclusion and Order**

Based on the foregoing, Defendant's motion to recuse, filed on July 26, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **August 9, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE