# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRUS DENNIS BRASWELL,<br><br>Defendant. | No. 1:18-cr-00034-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE WITHOUT PREJUDICE<br><br>(Doc. No. 58) |

On May 3, 2018, the government filed a superseding indictment against defendant Braswell in this action, charging him with three counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). (Doc. No. 23.) Defendant Braswell is proceeding *pro se*. On July 20, 2018, while those charges were still pending, defendant Braswell nonetheless filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 58.)

18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed, except that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1

As notes, a review of the docket in this case reveals that defendant Braswell has not yet been sentenced to a term of imprisonment, nor has defendant yet been found guilty of any of the offenses charged in the superseding indictment filed in this case. By the plain language of the statute, § 3582(c) permits a court to modify a term of imprisonment only "once it has been imposed." 18 U.S.C. § 3582(c). Because no sentence has yet been imposed, the court finds no basis to grant defendant's motion.

Accordingly, defendant's motion to reduce his sentence (Doc. No. 58) is denied without prejudice.

IT IS SO ORDERED.

Dated: **August 28, 2018**

UNITED STATES DISTRICT JUDGE