# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRUS DENNIS BRASWELL,<br><br>Defendant. | Case No. 1:18-CR-00034-DAD-BAM<br><br>**ORDER ON MOTIONS FOR DISCOVERY, SUBPOENAS, AN INVESTIGATOR, AND TO STAY THIS ACTION**<br><br>(ECF No. 34, 61, 95-98) |

Defendant Cyrus Dennis Braswell, proceeding pro se, is charged with three counts of mailing a threatening communication to J.K.S., a federal judge, in violation of 18 U.S.C § 876(c). Several notices of appeal have been filed by Defendant, along with several motions and "notices" in this Court. Defendant recently has filed numerous motions (Doc. 95-99). The motions pending are: (1) motion for reconsideration to permit review of documents (Doc. 95);[1] (2) Motion to Stay the Proceedings until Discovery is produced (Doc. 96), (3) Motion for Appointment of Legal Advisor and access to documents (such as documents from the Alaska case) (Doc. 97), (4) Motion for Investigator and to subpoena witnesses (Doc. 98). As an over-arching theme of these motions, Defendant seeks "discovery" and documents, subpoenas, investigations, records and other material for the underlying crimes he has been convicted of in 1998, for which he contends he was falsely imprisoned.

**Overview of the Underlying Crime and Procedural History**

By way of history, Cyrus Braswell was convicted of possession of crack cocaine with intent to distribute, maintaining a place for drug trafficking, and money laundering in approximately 1998 in the District of Alaska. *United States v. Braswell*, 215 F.3d 1334 (9th

---

[1] The Court has requested input from the Government as to the merits of the request.

1

Cir. 2000) (unpublished decision). Following the conviction, he appealed the conviction and the judgment. The Ninth Circuit affirmed on appeal. *United States v. Braswell*, No. 98-30198, 2000 WL 335570 (9th Cir. March 30, 2000) (mem.). After the appeal was final, Defendant filed various motions with the district court for change of venue, new trial etc., which were all denied.[2] Defendant appealed the denial of these motions, which the Ninth Circuit also affirmed. *United States v. Braswell*, 51 Fed.Appx. 783 (9th Cir.2002) (mem.). Defendant's petition for certiorari was also denied. *Braswell v. United States*, 540 U.S. 919, 124 S. Ct. 314, 157 L. Ed. 2d 215 (2003).

Thereafter, Braswell filed a petition for habeas relief, which was denied and denied on appeal. *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (claim that his indictment was constitutionally deficient is procedurally barred). Defendant's petition for certiorari was also denied. *United States v. Braswell*, 553 U.S. 1025 (2008). Defendant thereafter moved to reduce his sentence which was partially granted, and affirmed on appeal. *United States v. Braswell*, No. 3:97-CR-00068, 2008 WL 11229486, at *5 (D. Alaska Aug. 22, 2008), aff'd, 347 F. App'x 342 (9th Cir. 2009) (Braswell's sentence of 400 months' imprisonment is reduced to 365 months. All other components of the sentence remain unchanged). In 2011, Braswell filed another motion to reduce his sentence based upon changes to the sentencing guidelines, and after some procedural issues were resolved, the merits of the motion ultimately were denied. *United States v. Braswell*, No. 3:97-CR-00068-JKS-1, 2014 WL 10920103, at *6 (D. Alaska Jan. 23, 2014). The Ninth Circuit affirmed the denial on appeal. *United States v. Braswell*, 615 F. App'x 444, 445 (9th Cir. 2015). In 2015, Defendant filed a petition for habeas challenging the constitutionality of his conviction and sentence, which was denied as a successive habeas petition. *Braswell v. Zuniga*, No. 1:15-CV-01371-MJS HC, 2015 WL 5599924, at *4 (E.D. Cal. Sept. 22, 2015).

**The Requested Discovery**

It is against this two-decade backdrop that Defendant seeks, as "discovery," a vast array of documents and requests for subpoenas related to his underlying drug conviction and

---

[2] At this point, Defendant began representing himself and filed the motions in pro se.

2

sentence.  In the motions currently pending before this Court, he seeks nearly every document, order, and file involved in his conviction, appeal and habeas petitions for the underlying drug offenses.  For instance, he seeks "all court opinion[s] issued by the Ninth Circuit Court of Appeals from the years (1997) through (2018)."  See (Doc. 96 p. 5 of 8.)  He seeks "all court orders issued by Judge (JKS)."  See (Doc. 96 p. 4.)  He seeks the 1997 warrant for arrest, 1997 criminal complaint, the 1997 grand jury indictment, jury instructions, and verdict form, to name a few requests. He seeks the 1997 and 2014 presentencing investigation reports and memorandums of sentencings, and other such documents.  (Doc. 96 4-6).  In addition to documents underlying his criminal drug conviction, he seeks to subpoena nearly every judge involved in rendering a decision on the conviction and appeal: Ninth Circuit Judges, Eastern District Judges, District of Alaska Judges, and nearly every person he has come into contact with along the way: Bureau of Prisons employees and inmates, expert witnesses, and attorneys from Alaska.  (Doc. 98.) He seeks an investigator[3] or runner to obtain all of the above documents from Alaska.  He seeks appointment of a law professor (Doc.98 p. 6), and to subpoena character witnesses involved in the underlying drug conviction. (Doc. 98 p. 7.)

Defendant claims that he needs all of these documents and witnesses to support what he claims to be his defenses to the charges of mailing a threatening communication to a federal judge.  All such witnesses and documents are to support his defenses of false imprisonment and false arrest arising from his underlying criminal drug conviction. He claims that his drug conviction resulted in his false imprisonment and false arrest, which he claims are defenses to the pending charges.  He asks the Court to stay all proceeding in this case until he get the "Discovery" he has requested.  (Doc 96.)

///

---

[3] Defendant filed an earlier motion requesting an investigator on May 9, 2018.  (Doc. 34.) And another similar motion on July 27, 2018 (Doc. 61.) Doc. 34 and 61 are similar requests for appointment of an investigator to locate the individuals identified in this paragraph. Like the current motion, Defendant sought an investigator to subpoena witnesses in support of his claim for false imprisonment: Judges from the District of Alaska, Judges from the Ninth Circuit, Judges from the Eastern District of California, and Bureau of Prisons officials; he also sought expert witnesses and character witnesses.  The Court held this motion, Doc. 34, in abeyance because of an appeal filed by Defendant. (Doc. 69.)  The Court finds that it can rule on the prior motions (Doc. 34 and 61) at this time in light of renewed filing by Defendant.

**Discovery Legal Standards**

The Due Process Clause of the Constitution requires the United States to disclose information favorable to the accused that is material to either guilt or to punishment. In *Brady v. Maryland*, the Supreme Court explained that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963).

Rule 16 of the Federal Rules of Criminal Procedure grants defendants a right to discovery, providing that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph ... documents ... within the government's possession, custody, or control ... [that are] material to preparing the defense...." Fed.R.Crim.P. 16(a)(1)(E)(i). Information is "in the possession of the government" if the prosecutor "has knowledge of and access to the documents sought by the defendant." *United States v. Bryan*, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858, 110 S.Ct. 167 (1989).

Rule 16 requires a party seeking discovery to make a showing of materiality of the information sought. To receive discovery, the defendant "must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *U.S. v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (quoting *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir.1995)); see also *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (The defendant must make a preliminary showing of materiality, "which requires a presentation of facts which would tend to show that the government is in possession of information helpful to the defense.").

A court must determine whether the requested documents are "material to preparing the defense." In the context of Rule 16, "'the defendant's defense' means the defendant's response to the Government's case in chief." *U.S. v. Armstrong*, 517 U.S. 456, 462, 116 S.Ct. 1480 (1996). The United States Supreme Court has interpreted "material to preparing the defense" to

solely involve "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996).

**Analysis**

Despite Defendant's many prior attempts to challenge his drug conviction, Defendant seeks again to challenge that conviction long after all procedural avenues have been exhausted. Simply put, Defendant cannot relitigate his underlying drug conviction, appeals, and habeas petitions in this case under the guise of "discovery" for defenses.

None of the information sought in the various motions rises to *Brady* or Rule 16 discovery. For instance, the rulings made by the Ninth Circuit on the underlying drug conviction, and the judges who made such rulings, are not material to whether Defendant mailed threatening communications to a federal judge. Indeed, the underlying criminal drug conviction, appeals and habeas petition are irrelevant to the charges currently pending against Defendant. The information sought by Defendant in Motions 34, 96-98 simply is not relevant to the issue of whether Defendant mailed threatening communications to a federal judge.

Further, false imprisonment and false arrest are not defenses to the pending charges. In other words, false imprisonment or false arrest are not defenses to threats to do harm to a federal judge. Therefore, as his requests for discovery, subpoenas, the named witnesses and documents are irrelevant to the charges, his motions will be denied.

**Sub-issues of the Motions which will be Ruled on Separately**

After a review of the above motions, and by way of minute order (Doc. 100), the Court carved out limited and distinct issues raised by Defendant and requested the government to respond. (Doc. 100.) The Court asked for the Government to respond to: (1) In Doc. 95, Motion for Reconsideration, Defendant states he is asking to re-review the original documents, which he represents the government had agreed it would permit, and (2) In Doc. 98, an explanation of discovery produced in this case: the phone number starting with 777, the emails partially redacted, and agent Gene. These limited and distinct issues will be ruled on by separate order.

*//*

//

//

**ORDER**

In all other respects, the Court ORDERS as follows:

1. Motion for reconsideration to permit review of documents (Doc. 95) will be ruled on by separate order.
2. Motion to Stay the Proceedings until Discovery is produced (Doc. 96) is DENIED,
3. Motion for Appointment of Legal Advisor and access to documents (Doc. 97) is DENIED,
4. Motion for Investigator and to subpoena witnesses (Doc. 34, 61, and 98) is DENIED.

IT IS SO ORDERED.

Dated: **November 9, 2018**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE