# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:18-CR-00034-DAD-BAM |
|---|---|
| Plaintiff, | **ORDER RE MOTION TO STAY CASE** |
| v. | (ECF No. 118) |
| CYRUS DENNIS BRASWELL, | |
| Defendant. | |

Defendant Cyrus Dennis Braswell, proceeding pro se, is charged with three counts of mailing a threatening communication to J.K.S., a federal judge, in violation of 18 U.S.C § 876(c). Pending before this Court is Defendant's Motion to Stay the case filed on November 26, 2018. (Doc. 118.)

Defendant requests that the Court stay all criminal proceedings in this case until "after the United States of America redress the false arrest, false imprisonment imposed against Defendant Cyrus DA Braswell under criminal case no. #97-00068cr (JKS) filed before the United States District Court of Alaska." (Doc. 118, p. 2-3.) In the Case no. 97-00068cr (JKS), Defendant was convicted for possession of crack cocaine with intent to distribute, maintaining a place for drug trafficking, and money laundering. (See discussion at Doc. 109.) In the current Motion to Stay, Defendant contends he has been wrongly imprisoned, now for 21 years. He claims the warrant for his arrest and the Indictment in the underlying drug conviction were defective because they did not: (1) identify the type of substance as a Schedule I or II controlled substance, (2) the drug quality, or (3) the penalties.

A federal court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v.*

*North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket." *Id.*

The Court will not stay this action so that Defendant may pursue challenges to the underlying drug conviction and whether that conviction was proper. As discussed in the Court's order filed on November 11, 2018 (Doc. 109), Defendant has had a two-decade long history of post-conviction challenges to the drug conviction. In the instant case, Defendant claims that the drug conviction resulted in his false imprisonment and false arrest, which, in turn, he claims are defenses to the pending charges. The Court's order filed on November 11, 2018 addressed Defendant's request to stay all proceedings until he gets "discovery" on false imprisonment and false arrest. For the same reasons stated in the November 11 order, the Court denies the request to stay the proceedings.

For the reasons stated, Defendant's Motion to Stay, (Doc. No. 118) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **December 7, 2018**           /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE