| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRUS DENNIS BRASWELL,<br><br>Defendant. | No. 1:18-cr-00034-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 99) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Defendant Cyrus Dennis Braswell is proceeding *pro se* in this criminal prosecution in which he is charged with three counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). (Doc. No. 23.) Specifically, it is alleged that in October 2015, December 2015, and August 2016, the defendant caused documents to be delivered by the U.S. Postal Service to the Federal District Court in Anchorage, Alaska containing threats to injure the federal judge serving in Anchorage who had presided over defendant's trial on unrelated charges in 1997 and sentenced defendant in 1998. (*Id*.) The mailings in question were made at a time when defendant was in the custody of the U.S. Bureau of Prisons (BOP) at a facility located in this district. However, by the time his original indictment was returned on February 15, 2018, defendant was in BOP custody in the state of Indiana. Accordingly, the arrest warrant that issued upon his indictment was sent to the U.S. Marshal with an "Attorney Service Request" to effect defendant's transfer to this district. The Attorney Service Request was executed on March 23, 2018, the arrest

1

warrant was returned on April 2, 2018, and defendant was arraigned on the indictment in this district on April 16, 2018.

Defendant Braswell has moved to dismiss the indictment arguing that the failure to timely bring him before the nearest federal court to his place of confinement for arraignment without delay, as opposed to waiting until his transfer to this district, violated Rule 5 of the Federal Rules of Criminal Procedure. The government responds that it complied in this case with the requirements of 18 U.S.C. § 3621(d) by making the written request for the presence of the defendant who was already in BOP custody, thereby satisfying its procedural obligations imposed by Rule 5. (Doc. No. 105 at 2.) The court need not reach that question however.

As the government correctly contends, even if a violation of Rule 5 occurred here as a result of the brief (23-day) delay in his appearance before a magistrate judge for arraignment, defendant Braswell is not entitled to dismissal of the pending indictment. The appropriate remedy for a Rule 5 violation is the suppression of evidence obtained as a result of the delay (i.e. from an interrogation conducted during that time period), and dismissal is appropriate only in cases of lengthy and severe misconduct demonstrating brazen lawlessness on the part of law enforcement officials. *See Corley v. United States*, 556 U.S. 303, 323 (2009); *Bayless v. United States*, 381 F.2d 67, 70–71 (9th Cir. 1967) (rejecting dismissal as an appropriate remedy in the case of a four-month delay); *United States v. Studley*, 783 F.2d 934, 937 n.2 (9th Cir. 1986) ("[T]he normal remedy for violation of Rule 5(a) is suppression of evidence obtained during the unreasonable delay[.]"); *United States v. Torres-Iturre*, Case No. 15cr2586-GPC, 2016 WL 2757283, at *2-4 (S.D. Cal. May 12, 2016); *United States v. Savchenko*, 201 F.R.D. 503, 505–08 (S.D. Cal. 2001) ("The appropriate remedy for a violation of the 'without unnecessary delay' standard of Rule 5 is the suppression of any prejudicial statements provided by the accused during the subject period[,]" and dismissal requires "a showing of 'outrageous conduct' which violates the defendant's due process rights under the Fifth Amendment, or a violation of some other substantive right such as the Speedy Trial Act."); *see also United States v. Osunde*, 638 F. Supp. 171, 176–77 (N.D. Cal. 1986) (dismissing indictment when defendant was arrested at the Los
/////

Angeles International Airport and held for 106 days before a complaint was filed, a "flagrant unnecessary delay[]").

Here, defendant has failed to point to any circumstance that would support either suppression of evidence or dismissal of the indictment as a result of the brief delay in him being brought before a judge for arraignment on the indictment in this case following the execution of the arrest warrant. Accordingly, defendant's motion to dismiss (#1) (Doc. No. 99) is denied.

IT IS SO ORDERED.

Dated: **January 10, 2019**

_____
UNITED STATES DISTRICT JUDGE