UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:18-cr-00034-DAD-BAM |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S NOTICE, CONSTRUED AS A MOTION TO CONTINUE THE TRIAL |
| CYRUS DENNIS BRASWELL, | |
| Defendant. | (Doc. No. 167) |

This matter is before the court on a "notice of intent" filed by defendant Cyrus Dennis Braswell. (Doc. No. 167.) Jury trial in this matter is set to commence on February 12, 2019 before the undersigned. In his notice, however, defendant states that he does not intend to proceed with trial until the United States provides him with requested documents, and that he also will not proceed with trial until he is permitted to assert his defenses of false arrest and false imprisonment.[1] The court construes this most recent notice as a motion to continue the trial date.

---

[1] Although somewhat difficult to decipher given his *pro se* pleadings, it has appeared throughout the pretrial proceedings in this prosecution that defendant Braswell wishes to defend against the three pending charges of mailing threatening communications from prison to a federal judge in 2015 and 2016 in violation of 18 U.S.C. § 876(c), on the grounds that he was in prison at that time because he had been falsely arrested and imprisoned in connection with a 1997 drug conviction he suffered in the U.S. District Court for the District of Alaska on which he was sentenced by the District Judge to whom he allegedly mailed the charged threatening communications.

1

So construed, defendant's motion will be denied.

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court[.]" *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), *as amended*, 764 F.2d 675 (9th Cir. 1985). "A trial court clearly abuses its discretion only if denial of the continuance was arbitrary or unreasonable." *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1383 (9th Cir. 1991), *abrogated on other grounds by Bailey v. United States*, 516 U.S. 137 (1995).

The court first addresses defendant's argument that a continuance is necessary until he receives certain documents from the United States. Although the motion now pending before the court does not describe the documents defendant seeks in any detail, defendant states that these documents are "legal material for his defense," and that he has previously requested them in a prior motion. (Doc. No. 167 at 5.) The prior motion to which defendant apparently refers sought to stay these proceedings in order to obtain documents (Doc. No. 96), and that motion was denied by United States Magistrate Judge Barbara A. McAuliffe. (Doc. No. 109.) Defendant subsequently moved for reconsideration of that order (Doc. No. 115), which was also denied. (Doc. No. 117.) Defendant has provided nothing in the instant motion that would call into question those prior rulings. Moreover, at the continued trial confirmation hearing held February 4, 2018[2], the government represented to the court that copies of the requested documents have previously been produced to defendant and that he has also been given the opportunity to inspect the original documents in question on two occasions.[3] Accordingly, the court declines to continue the trial on this basis.

---

[2] At that hearing, and as reflected in the court's minutes (Doc. No. 166), the court also denied the following motions brought by defendant Braswell for the reasons set forth on the record at the hearing: Doc. No. 121 – Motion to Inspect Records; Doc. No. 122 – Motion to Stay; Doc. No. 123 – Motion for Change of Venue; Doc. No. 124 and 125 Motions to Suppress; Doc. No. 126, 127 , 128 , 129 , 130 and 131 – Motions to Dismiss; Doc. No. 132 – Motion for Blank Subpoenas; Doc. No. 135 – Motion for Reconsideration; Doc. No. 137 – Affidavit for Recusal; Doc. No. 148 – Motion for Reconsideration; Doc. No. 150 – Motion to Exclude Evidence; Doc. No. 154 – Motion for Recusal; and Doc. No. 159 – Motion for Review.

[3] It is possible that defendant's contention in this regard is based upon his often-repeated claim in these proceedings that documents have been altered and that he is requesting production of the unaltered documents. The government denies that any documents have been altered and that all existing discovery has been provided to the defendant.

Second, defendant seeks a continuance of the trial date until the undersigned permits defendant to present a defense on the grounds of false arrest and false imprisonment, and also permits him to present witnesses in support of this defense.[4] A defendant in a criminal case is not automatically entitled to present any defense he wishes: he may do so only "if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant." *United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009); *see also United States v. Doe*, 613 Fed. App'x 625, 627 (9th Cir. 2015)[5] ("A district court may prevent a defendant from presenting a defense that lacks sufficient evidence or fails as a matter of law."); *United States v. Bundy*, No. 2:16-cr-00046-GMN-PAL, 2017 WL 2953638, at *2 (D. Nev. July 9, 2017) (declining to give a jury instruction regarding the First and Second Amendments because "the law does not recognize these Amendments as legal defenses to the crimes charged"). Thus, in order to be entitled to offers his proposed defense to the jury in this case, the law must recognize it as a "legally cognizable" defense to the charge of mailing threatening communications under 18 U.S.C. § 876(c).

The sole case most recently relied upon by defendant certainly does not support his contention that he should be allowed to defend against these charges of mailing threatening communications in 2015 and 2016 based upon his contention that he was wrongfully convicted and imprisoned in 1997. *See United States v. Dowdell*, 737 Fed. App'x 577 (2d Cir.), *cert. denied sub nom. Wilson v. United States*, 139 S. Ct. 610 (2018). In *Dowdell*, a defendant charged with conspiracy with intent to distribute controlled substances sought to introduce evidence at his trial that he had an ongoing lawsuit against the Syracuse Police Department, which could have supported his theory that he was not guilty of the charged offense and that law enforcement officers were instead retaliating against him by framing him for the crime. *Id.* at 583. In other words, defendant sought to cast doubt on whether he had committed the charged offense. The Second Circuit found that while it was error for the district court to exclude this evidence, the

---

[4] See fn. 1, above.

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

3

error was harmless because other evidence presented during trial allowed the defendant "to introduce his retaliation theory during the trial." *Id.* The court in *Dowdell* merely repeated the long-recognized maxim that "[c]riminal defendants are guaranteed a 'meaningful opportunity to present a complete defense.'" *Id.* (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). As defendant Braswell has been repeatedly advised in this case, evidence is relevant and admissible only if (among other things) it is "of consequence in determining the action." Fed. R. Evid. 401(b). Even if defendant Braswell had been falsely arrested and/or imprisoned in 1997, evidence of that fact could be presented to the jury in this case only if defendant demonstrates its relevance to the pending charges of mailing threatening communications in 2015 and 2016. Neither *Dowdell* nor any other case the court is aware of suggest that false arrest or false imprisonment constitute legally viable defenses to the offense of mailing threatening communications.

For these reasons, defendant's notice of intent, construed as a motion to continue the trial (Doc. No. 167), is denied.

IT IS SO ORDERED.

Dated: **February 8, 2019**

UNITED STATES DISTRICT JUDGE