UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRUS DENNIS BRASWELL,<br><br>Defendant. | No. 1:18-cr-00034-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S POST-TRIAL MOTIONS<br><br>(Doc. Nos. 176, 177, 179, 180, 181) |

Defendant Cyrus Dennis Braswell is proceeding *pro se* in this criminal prosecution. On February 13, 2019, following a two-day jury trial, defendant Braswell was convicted of all three counts of mailing threatening communications in violation of 18 U.S.C. § 876(c) as charged in the superseding indictment. (Doc. No. 23.) Sentencing was scheduled for May 6, 2019. (Doc. No. 171.)[1] Since the return of the jury's verdict, defendant Braswell has filed a number of motions with the court. Each will be addressed below.

On February 21, 2019, defendant Braswell filed with the court a "Motion For Arrest of – [Judgment]." (Doc. No. 176.) Therein, he repeats his frivolous argument that this court lacks

---

[1] Because the probation officer assigned to draft the presentence report in this case was unable to deliver a copy of the draft report to defendant Braswell on the day it was issued, sentencing in this matter has been continued to May 20, 2019, in order to ensure that defendant Braswell has sufficient time to file any informal objections he may have to the draft presentence report. (Doc. No. 184).

1

jurisdiction over the offenses for which he was charged and convicted even though the threatening communications were mailed by him from the Federal Bureau of Prisons facility located in Mendota, California – within the Eastern District of California. The court rejected this argument prior to trial (see Doc. No. 166) and will do so again because it lacks merit.

On February 22, 2019, defendant Braswell filed a "Motion for An Order [To Stay Sentencing Pending Appeal.]" (Doc. No. 177.) Therein, defendant Braswell seeks a stay of the sentencing proceedings in this action pending the Ninth Circuit's decision on his interlocutory appeals from this court's orders appearing at Docket Nos. 109, 117 and 166. (Doc. No. 177 at 3, 7.) A review of the docket in this case does not reveal that defendant Braswell has any appeal currently pending before the Ninth Circuit. (See Doc. Nos. 134, 142 (dismissing four consolidated appeals filed by defendant for lack of jurisdiction) and 178 (denying defendant's petition for a writ of mandate).) In any event, a judgment is not final in a criminal case until a conviction has occurred and a sentence has been imposed and defendant has presented no basis upon which an interlocutory appeal would appropriately be pursued in this case. Therefore, an interlocutory appeal at this stage would be frivolous and can not serve to divest this court of jurisdiction to sentence defendant and impose judgment from which he could then properly appeal. Accordingly, his motion for a stay of his sentencing (Doc. No. 177) pending interlocutory appeal, if such an appeal is pending, will be denied.

On February 25, 2019, defendant Braswell filed a "Motion for an Order" appointing an investigator to assist him in locating individuals defendant inaccurately refers to as "character witnesses" and to serve them with subpoenas to appear at his sentencing. (Doc. No. 179.) In his motion defendant Braswell refers to approximately eighteen such witnesses, including the district judge he was convicted of mailing threatening communications to, six lawyers in two different states, a law professor and six U.S. Bureau of Prisons officials including a warden. (*Id*. ay 3-4.) Defendant has failed to make any showing whatsoever that any of the eighteen individuals he has mentioned have any information relevant to his sentencing. Accordingly, his motion for appointment of an investigator to locate these eighteen individuals and serve them with subpoenas will be denied.

Next, on March 7, 2019, defendant Braswell filed with the court a document styled as a "Motion for Clarification" in which he indicates that at sentencing he wishes to present his U.S. Bureau of Prisons medical records. (Doc. No. 180.) In that filing defendant Braswell also requests that he be tested for the presence of mercury, complains regarding the medical treatment he has received for the past twenty-two years while in Bureau of Prisons custody, expresses a desire to subpoena a criminal law expert to testify as to the "elements of a offense violation under 21, § 841(a)(1) (sic) and 18 § 876(c) (sic)," and indicates he wishes to call a psychologist to testify at his sentencing regarding the impact of his allegedly being subjected to false imprisonment for the past twenty-two years. (*Id*. at 2-3.) A defendant, however, is not entitled to an evidentiary hearing in connection with sentencing. *See United States v. Salcido,* 506 F.3d 729, 735 (9th Cir. 2007) (Rule 32 does not create a general right to an evidentiary hearing at sentencing); *United States v. Stein,* 127 F.3d 777, 780–81 (9th Cir. 1997) (As long as the district court allows a defendant to "rebut the recommendations and allegations of the presentence report either orally or through the submission of written affidavits or briefs, Rule 32 does not require an evidentiary hearing."); *United States v. Sarno*, 73 F.3d 1470, 1503 (9th Cir. 1995) ("There is no right to an evidentiary hearing so long as the facts that prove dispositive at sentencing find support in the record."). Moreover, defendant Braswell has failed to explain how any of the evidence he refers to in his motion (mercury testing, his on-going claims of false imprisonment and the effect thereof, criminal law expert testimony) would be in any way relevant to his sentencing in this case. To the extent defendant Braswell seeks clarification regarding his sentencing hearing, that clarification has now been provided. To the extent his motion seeks an evidentiary hearing at the time of his sentencing to allow his presentation of the evidence to which he refers, his motion will be denied.

Finally, on March 8, 2019, defendant Braswell filed with the court a notice asserting that he had not received copies of certain documents filed on the docket and apparently requesting copies of various orders or opinions of the Ninth Circuit Court of Appeals in his cases before that court between the years 1997 and 2015. (Doc. No. 181.) The court's docket reflects that defendant has been served with all of the court's orders by mail at his address of record. In

addition, the docket reflects that he has been provided additional copies of documents appearing on the docket by the Courtroom Deputy at the court's direction. (See Doc. No. 166.) It therefore appears defendant has previously received all court documents filed in this action. To the extent defendant Braswell is requesting that the court provide him with copies of prior orders issued by the Ninth Circuit Court of Appeals in his prior cases before that court, his motion is denied.

Accordingly, and for the reasons set forth above, defendant Braswell's post-trial motions (Doc. Nos. 176, 177, 179, 180 and 181) are denied.

IT IS SO ORDERED.

Dated: **April 24, 2019**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE