UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRUS DENNIS BRASWELL,<br><br>Defendant. | No. 1:18-cr-00034-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR COURT ORDERS<br><br>(Doc. Nos. 202, 203, 204, 205, 206) |

This matter is now before the court on post–sentencing motions filed by defendant Cyrus Dennis Braswell who has proceeded, and is continuing to proceed, *pro se* in this criminal action. The defendant was convicted following a jury trial of all three counts of a Superseding Indictment charging him in each count with mailing threatening communications in violation of 18 U.S.C. § 876(c). (Doc. No. 171.) On May 20, 2019, the court sentenced defendant Braswell to three concurrent terms of 97 months in the custody of the U.S. Bureau of Prisons with that sentence to run consecutively to the federal prison sentence he was already serving. (Doc. Nos. 195, 196.) On that same date, defendant Braswell filed a notice of appeal which was processed to the Ninth Circuit Court of Appeals. (Doc. Nos. 197, 198.)

On July 22, 2019, defendant Braswell filed with the court a motion for an order directing the U.S. Marshal in Fresno, CA to contact a property officer at the Nevada Southern Detention

1

Center in Pahrump, Nevada[1] to arrange for the shipment of one box of his legal materials from that facility to him at his current institution of confinement, FCI Terre Haute. (Doc. No. 202.) Therein, defendant Braswell explained that in April of 2018 he had three boxes of legal documents forwarded to the U.S. Marshal's Office in Fresno from FCI Terre Haute in connection with his defense against the charges brought against him in this action. He also reported that in July of 2019, after his sentencing by this court, two of those three boxes of legal materials were returned to him at FCI Terre Haute by the U.S. Marshal. (*Id.* at 2.) However, the other, and what he characterized as the most important box of legal materials, was shipped along with him to the Nevada Southern Detention Center and that when he was transferred from that detention center in late June of 2019, that box of legal materials did not accompany him. (*Id.*) Accordingly, defendant Braswell sought a court order to assist him in recovering that box of legal materials.

On August 2, 2019, defendant Braswell filed with the court a request for a blank transcript designation form and a "USB 'Flash Drive' if possible all legal data filed under Case No. #1:18-cr-00034 . . .." (Doc. No. 203.) On August 12, 2019, defendant Braswell filed another motion for an order or, alternatively, a request to contact the U.S. Marshal in Fresno to assist him in recovering the box of legal materials that he claimed had not been delivered to him at FCI Terre Haute. (Doc. No. 204.) Finally, on September 3, 2019, defendant Braswell filed two letters with this court repeating the same claim and requesting that the letters be forwarded to the U.S. Marshal and to the undersigned. (Doc. No. 205.)

The court has inquired with both the U.S. Marshal's Service and with Nevada Southern Detention Center. The U.S. Marshal's Service has responded that, as acknowledged by defendant Braswell in his filing, they forwarded his legal materials in their possession to him at FCI Terre Haute. Although the U.S. Marshal's Service has no control over property located at the Nevada Southern Detention Center, it nonetheless inquired with that facility as to the status of the legal materials defendant Braswell claims were with him there but that he has not received in Terre

---

[1] The court is advised that the Nevada Southern Detention Center in Pahrump, Nevada is a private contract facility operated by CoreCivic and is utilized by the Justice Prisoner & Alien Transportation System in moving federal prisoners eventually to their institutions of confinement after they have been designated to serve sentences in the custody of the U.S. Bureau of Prisons.

Haute. The U.S. Marshal's Service was advised by representatives of the Nevada Southern Detention Center that on August 29, 2019, defendant Braswell's legal materials were packed into four large priority mail boxes at the Detention Center and shipped to him at his current institution of incarceration, FCI Terre Haute. In addition, the U.S. Marshal's Service was advised that according to the tracking numbers associated with those four priority mail boxes, two of them were delivered to FCI Terre Haute on August 31, 2019 at 10:27 a.m. and the other two were received at that same location on September 3, 2019 at 7:34 a.m. Accordingly, defendant Braswell's request that the court inquire as to his legal materials is granted and that request has been satisfied. His request that the court issue any order with respect to his legal materials will be denied as having been rendered moot.

Defendant Braswell's request that a "flash drive" containing all filings in this case be sent to him will be denied since that request is unsupported by any authority or by a showing of good cause. Defendant also has requested a blank transcript designation form. While a form entitled in this manner no longer exists, the court will direct that the Clerk of the Court provide defendant Braswell with a blank transcript ordering form. Finally, the court notes that following defendant's filing of his notice of appeal, his appeal was processed and assigned a case number by the Ninth Circuit Court of Appeals. Any inquiries by defendant with respect to his appeal from the judgment entered in this case should be directed to the Ninth Circuit Court of Appeals. No further orders will be issued by this court in this closed case.

Accordingly,

1. Defendant Braswell's request that this court inquire as to the status of his legal materials (Doc. Nos. 202, 204, 205, 206) is granted and, as reflected above, the court has reported the result of that inquiry;
2. Defendant Braswell's request that the court issue any order requiring shipment of his additional legal materials to him (Doc. Nos. 202, 204, 205, 206) is denied as having been rendered moot;
3. Defendant Braswell's request that a "flash drive" containing all filings in this case be sent to him (Doc. No. 203) is denied;

4. Defendant Braswell's request that he be provided a transcript designation form (Doc. No. 203) is granted in part and the Clerk of the Court is directed to provide him with a blank transcript ordering form with this order; and
5. No further orders will be issued by this court in response to future inquiries by the defendant in this closed criminal case absent a compelling showing of good cause.

IT IS SO ORDERED.

Dated: **September 5, 2019**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE