UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CYRUS DENNIS BRASWELL,<br><br>　　　　　　Defendant. | No. 1:18-cr-00034-DAD-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COPIES OF COURT RECORDS AND DENYING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE A PETITION UNDER 28 U.S.C. § 2255<br><br>(Doc. Nos. 231, 232) |

**A.　Defendant's Motion for Copies of Court Records**

　　Defendant Cyrus Dennis Braswell in this closed criminal case has filed a request that the court provide him copies of various court records. (Doc. No. 231.) Specifically, on April 22, 2022, defendant filed the pending motion requesting that the court send to him "a USB flash or thumb drive which contain[s] copies of all legal court documents that have been previously filed" in this case, and to do so "without charge." (*Id.*) However, defendant has not established that he has filed an appeal from or collateral challenge to his conviction which is not frivolous and that the requested copies are necessary for a decision to be rendered on any such appeal or collateral challenge. *See* 28 U.S.C. § 753(f); *see also United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *United States v.*

1 *Lucatero*, No. 05-cr-0443-WBS, 2007 WL 1747077, at *2 (E.D. Cal. June 18, 2007) ("The vast
2 majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually
3 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for
4 creating or copying such transcripts *or other documents* paid by the United States.") (emphasis
5 added); 28 U.S.C. § 2250.  Moreover, a defendant is not generally entitled to free copies of court
6 documents in a closed case.  *See United States v. Chandler*, 220 F. Supp. 2d 165, 170 (E.D.N.Y.
7 2002); *see also Marsh v. Vegianelli*, No. 1:09-cv-01243-GSA, 2012 WL 5505079, at *2 (E.D.
8 Cal. Nov. 13, 2012) ("[T]he Clerk does not ordinarily provide free copies of case documents to
9 parties.  The Clerk charges $.50 per page for copies of documents.  *See* 28 U.S .C. § 1914(a).
10 Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written
11 request and prepayment of the copy fees.").

12 Accordingly, defendant's request for copies of court records (Doc. No. 231) is denied
13 without prejudice.[1]

14 **B.    Defendant's Motion for an Extension of Time to File a § 2255 Petition**

15 On May 10, 2022, defendant filed a motion for an extension of time to file a petition under
16 28 U.S.C. § 2255.  (Doc. No. 232).  Therein, defendant represents that his ability to timely
17 prepare or file a § 2255 is substantially impaired, and he believes that he will not be able to timely
18 complete preparing his petition without copies of his legal documents.  (*Id.* at 3–4.)
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////

---

[1] Notably, the court denied a similar request for copies on September 5, 2019 in this action, noting that defendant's "request that a 'flash drive' containing all filings in this case be sent to him will be denied since that request is unsupported by any authority or by a showing of good cause." (Doc. No. 207.)  Defendant's latest request in this regard is likewise unsupported by any authority or by a showing of good cause.

However, because the one-year limitations period provided in 28 U.S.C. § 2255(f) has not yet run in this case,[2] defendant's motion for an extension of time to file a § 2255 petition will be denied, without prejudice, as premature.  *See United States v. Alvarez-Espinoza*, No. 08-cr-611-PHX-DGC, 2011 WL 13257442, at *2 (D. Ariz. Jan. 18, 2011) (denying the defendant's motion for an extension of time to file a § 2255 petition where the limitations period had not yet run).

Defendant's pending motion for an extension of time is essentially a prospective motion for equitable tolling, but equitable tolling is generally (though certainly not always) applied retroactively upon a showing by the petitioner "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Smith v. Davis*, 953 F.3d 582, 593 (9th Cir. 2020) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Here, defendant has made no showing that would justify the granting of prospective equitable tolling of the statute of limitations with respect to any motion for relief pursuant to 28 U.S.C. § 2255 that he may elect to file.

Accordingly, defendant's motion for an extension of time to file a § 2255 petition (Doc. No. 232) is denied, without prejudice.

IT IS SO ORDERED.

Dated: **May 13, 2022**　　　　　　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] Relevant here, the one-year limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "Finality attaches when [the U.S. Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).  Here, defendant did not file a petition for a writ of certiorari following the Ninth Circuit's decision affirming defendant's conviction on direct appeal.  Because the Ninth Circuit entered judgment on May 14, 2021 (*see* Doc. No. 230), and Rule 13 of the Supreme Court Rules provides that a petition for a writ of certiorari "is timely when it is filed with the Clerk of [the U.S. Supreme] Court within 90 days after entry of the judgment," *see* Sup. Ct. R. 13.1, the time for defendant to timely file such a petition in this case expired on August 12, 2021.  Thus, it would appear that defendant's one-year limitations period under § 2255(f)(1) does not expire until one year after August 12, 2021, which is August 12, 2022.  *See United States v. Garcia*, 210 F.3d 1058, 1061 (9th Cir. 2000) (applying Sup. Ct. R. 13.1 and concluding that the defendant timely filed a § 2255 petition within the one-year limitations period because he filed the petition "within one year of the date on which the time for filing a petition for a writ of certiorari expired").