UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:18-cr-00034-ADA-BAM-1 |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR COPIES OF COURT RECORDS AND MOTIONS PURSUANT TO 28 U.S.C. § 4086 |
| CYRUS DENNIS BRASWELL, | |
| Defendant. | (ECF Nos. 238, 240, 242, 244) |

On May 23, 2019, Defendant Cyrus Dennis Braswell was sentenced to 97 months imprisonment. (ECF No. 196 at 2.) The Ninth Circuit affirmed Defendant's conviction and sentence on May 14, 2021. (ECF No. 230.) Defendant did not seek a writ of certiorari to the United States Supreme Court.

On April 22, 2022, Defendant filed a request for the Court to provide him with copies of various court records at no cost. (ECF No. 231.) Shortly after, on May 10, 2022, Defendant moved for an extension of time to file a petition pursuant to 28 U.S.C. § 2255. (ECF No. 232.) Judge Dale Drozd, the judge overseeing this case at that time, issued an order denying both motions. (ECF No. 233.) In that order, Judge Drozd noted that Defendant was not entitled to copies, much less free copies, of court records because he had not "established that he has filed an appeal from or collateral challenge to his conviction which is not frivolous and that the requested copies are necessary for a decision to be rendered on any such appeal or collateral challenge."

(*Id.* at 1.) Additionally, Judge Drozd held that Defendant's request for an extension of time was premature because the one-year statute of limitations provided for in 28 U.S.C. § 2255(f) did not run until August 12, 2022. (*Id.* at 3 & n.2.)

Since that time, Defendant has filed four motions with the Court. The first and third, filed on August 15, 2022 and October 31, 2022 respectively, are almost identical to Defendant's prior motions for copies of court records and extension of time to file a petition pursuant to 28 U.S.C. § 2255. (ECF Nos. 238, 242.) The second and fourth, filed on August 23, 2022 and December 5, 2022 respectively, appear to assert civil rights claims regarding Defendant's conditions of confinement. (ECF Nos. 240 and 244.) The Court will address each set of motions in turn.

## I.

### Motion for Court Records and Extension of Time to File § 2255 Petition

Defendant claims that Bureau of Prisons employees destroyed copies of court files that he had in his possession. (ECF No. 238 at 3, 6; ECF No. 242 at 2, 4.) He argues that he needs these files in order to pursue his appeal. (ECF No. 238 at 7; ECF No. 242 at 3.) These arguments are identical to those he made in his April 22, 2023 motion that Judge Drozd denied. (*See* ECF No. 231 at 2, 3.) Accordingly, the Court treats Defendant's motions as motions for reconsideration pursuant to Local Rule 230(j).

To receive reconsideration of a motion that a court has previously denied, the movant must state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. R. 230(j)(3). Additionally, the movant must demonstrate "why the new facts or circumstances were not shown at the time of the prior motion." *Id.* 230(j)(4). Defendant has made no showing of new or different facts or circumstances. For example, Defendant has still failed to establish that he has filed an appeal or collateral challenge to his conviction, that such a challenge would not be frivolous, or that the court records he requests would be necessary to render a decision on such an appeal or collateral challenge. (*See* ECF No. 233 at 1.) His conclusory assertions that he needs the records to file a § 2255 petition are insufficient to cause this Court to reconsider Judge Drozd's order.

2

Similarly, the Court will deny Defendant's request for an extension of time to file a § 2255 petition. Judge Drozd denied Defendant's May 10, 2022 request as premature, noting that Defendant still had about three months before the expiration of the statute of limitations on August 12, 2022. (ECF No. 231 at 3 & n.2.) While Defendant's renewed motion for an extension of time is no longer premature – it is dated August 8, 2022, three days before the expiration of the statute of limitations – it still fails to provide grounds for an extension of time. First, Defendant has failed to demonstrate any circumstances beyond the need for a copy of court records for his delay in filing a § 2255 petition. Defendant based his prior motion for an extension of time on the same reasoning. Though armed with the knowledge that the Court would decline to provide those records free of charge, Defendant failed to take any further steps toward filing a § 2255 motion. Accordingly, Defendant has not demonstrated any reason for the Court to reconsider Judge Drozd's prior denial of an extension of time. *See* E.D. Cal. R. 230(j).

More importantly, it is far from clear that the Court even has the power to grant an extension of time for filing a § 2255 petition. *See United States v. Myrie*, No. 2:06-cr00239-RCJ-PAL, 2012 WL 2847747, at *3–*4 (D. Nev. July 11, 2012) (noting that the Ninth Circuit has recognized only equitable tolling as a proper vehicle by which to extend the statute of limitations for § 2255 petitions and citing to out-of-circuit precedent for the proposition that ruling on a motion for extension of time would constitute an advisory opinion); *Morales v. Warden*, No. CV 13-01748 CJC (AN), 2013 WL 1192343, at *2 (C.D. Cal. March 22, 2013) ("[A] pure tolling motion seeks relief a federal court cannot grant without violating the 'case or controversy' requirement of Article III, § 2 of the United States Constitution."). To the extent that Defendant believes he has grounds for equitable tolling of the statute of limitations, he should raise those grounds in a properly filed § 2255 petition. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (applying the doctrine of equitable tolling to § 2255 petitions).

Accordingly, Defendant's motions for court records and motions for an extension of time to file a § 2255 petition, (ECF Nos. 238, 242), are **DENIED**.

///

///

3

## II.

## Motion Regarding Conditions of Confinement

The nature of Defendants two other pending motions is unclear. His August 23, 2022 motion requests an order "to remove Defendant from all Federal Bureau of Prisons due to staff misconduct." (ECF No. 240 at 1.) Similarly, his December 5, 2022 motion requests "temporary safe-keeping of federal offenders by U.S. Marshal Service." (ECF No. 244 at 1.) The substance of each motion describes threats, retaliatory actions, theft, and abusive conduct on behalf of prison officials related to Defendant's filing of a complaint. (ECF No. 240 at 2–8; ECF No. 244 at 3–5.) It appears from the language in these motions that Defendant may be attempting to present a civil rights complaint. The Court is not inclined, however, to construe Defendant's motions as such. There is precedent for converting habeas petitions into civil rights actions when the petition "is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 839 F.3d 922, 936 (9th Cir. 2016) (internal quotations and citation omitted). Here, not only would it be inappropriate to characterize Defendant's motions as petitions for habeas corpus, but the motions also fail to cite to any constitutional or statutory authority to support possible civil rights claims.

The only statutory provision Defendant cites in his motions is 18 U.S.C. § 4086, which states, "United States marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." Defendant, however, provides no authority for invoking § 4086 to remove him from the custody of the Bureau of Prisons. In any event, it is not clear that the language of the statute would cover Defendant because he has already been committed to an institution.

///
///
///
///
///
///

4

Accordingly, Defendant's motions pursuant to 18 U.S.C. § 4086, (ECF Nos. 240, 244), are **DENIED**.

IT IS SO ORDERED.

Dated: November 13, 2023

UNITED STATES DISTRICT JUDGE